TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
Joanna M. Curtis (Cal. Bar No. 203151)
Assistant United States Attorney
Chief, Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0298
     Facsimile: (213) 894-3713
     E-mail:    joanna.curtis@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-117(C)-21-ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Date:      November 15, 2021<br>Time:      10:00 a.m.<br>Courtroom: Hon. Otis D. Wright |
| MARCO ANTONIO RAMOS,<br>   aka "Bala,"<br>       "Greedy," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby submits its position with respect to sentencing for defendant MARCO ANTONIO RAMOS.

//

//

The government's position is based on the attached memorandum of points and authorities, the files and records in this case, and such additional evidence and argument as may be presented at the hearing on this matter.

Dated: November 1, 2021          Respectfully submitted,

                                       TRACY L. WILKISON
                                       Acting United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                       */s/Joanna Curtis*
                                       JOANNA M. CURTIS
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant MARCO ANTONIO RAMOS ("defendant") awaits sentencing after pleading guilty to Count One of the Second Superseding Indictment ("SSI"), which charges defendant with Racketeer Influenced and Corrupt Organizations ("RICO") Conspiracy, in violation of 18 U.S.C. § 1962(d). Pursuant to the Plea Agreement, the parties agreed that the base offense level is 21. With three points for acceptance of responsibility, defendant's total offense level is 18. At Criminal History Category III, defendant's Guidelines' range is 33-41 months' imprisonment. Pursuant to the Plea Agreement, the government respectfully recommends the low end of the Guidelines range, 33 months' imprisonment, followed by a three-year period of supervised release, a $100 fine, and restitution to the victims, if any.

**II. STATEMENT OF FACTS**

As set forth in the Plea Agreement:

Throughout the period described in the SSI, MS-13, including its leaders, members, and associates, constituted an enterprise, that is, a group of individuals associated in fact, although not a legal entity, which was engaged in, and the activities of which affected interstate and foreign commerce.

MS-13's Fulton clique controlled areas within the San Fernando Valley of Los Angeles, California, including Van Nuys, North Hollywood, and Panorama City. The Fulton clique's strongholds included Whitsett Park and the wash area located at the entrance to the Los Angeles riverbed at Fulton Avenue and Vanowen Street, both in North Hollywood.

MS-13's Fulton clique had several levels of membership, including *paro, observacion, chequeo,* homeboy, and *corredor.*

Beginning in 2015, defendant was an MS-13 member of the Fulton clique in Los Angeles, California, whose members engaged in, among other things, acts involving murder, assault, robbery, trafficking in narcotics, and possessing dangerous weapons, to include machetes and firearms. Defendant conspired and agreed with MS-13 Fulton clique members and associates that a conspirator would commit at least two racketeering acts, to include drug trafficking, which acts had a relationship to one another and MS-13, and posed a threat of continued criminal activity. Defendant became a member of this conspiracy and agreement knowing of its purpose, knowing it was illegal, and intended to help accomplish it.

In furtherance of the racketeering conspiracy, defendant committed the following overt acts on or about the following dates: (1) on July 5, 2018, at Fulton Way and Sherman Way in Los Angeles, within MS-13 territory, defendant told K.G., "this is Mara, where you from?" and shattered G.M.'s car window with a knife; (2) on October 12, 2018, defendant acted as a lookout while a co-conspirator wrote MS-13 Fulton Locos graffiti in the area of Whitsett Park; and (3) on December 4, 2018, defendant participated with several co-conspirators in a fight with N.M.A., a rival gang member, wherein N.M.A. suffered a stab wound.

**III. PRE-PLEA REPORT**

On August 31, 2019, United States Probation issued a Pre-Plea Report as to defendant. CR 290. Probation found that defendant has five criminal history points and is in Criminal History Category III.

**IV.   PARTIES AGREED UPON GUIDELINES' CALCULATION**

Pursuant to the Plea Agreement, the parties agreed that defendant's base offense level is 14, pursuant to U.S.S.G. § 2E1.1(a)(2), 2A2.2.  The parties further agreed to two special offense characteristics: four points for the use of a dangerous weapon, pursuant to U.S.S.G. § 2A2.2(b)(2)(B), and three points for bodily injury, pursuant to U.S.S.G. § 2A2.2(b)(3)(A).  Thus, the total offense level agreed upon by the parties is 21.  With three levels for acceptance of responsibility, defendant's total offense level becomes 18.  At CHC III, defendant's Guidelines' range is 33-41 months' imprisonment.

**V.   THE GOVERNMENT'S RECOMMENDATION**

Pursuant to the Plea Agreement, the government agreed to recommend the low end of the Guidelines' range and thus recommends a sentence of 33 months' imprisonment, followed by three years' supervised release, and a $100 special assessment.  This sentence is "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).  The government is reaching out to victims N.M.A. and G.M. to determine whether there are any outstanding restitution claims.

   **A.   Nature and Circumstances of the Offense**

Under 18 U.S.C. § 3553(a)(1), a court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in imposing a sentence.  Beginning in 2015, defendant was an MS-13 member of the Fulton clique in Los Angeles, California, whose members engaged in, among other things, acts involving murder, assault, robbery, trafficking in narcotics, and possessing dangerous weapons, to include machetes and firearms.

3

Defendant conspired and agreed with MS-13 Fulton clique members and associates that a conspirator would commit at least two racketeering acts, to include drug trafficking, which acts had a relationship to one another and MS-13, and posed a threat of continued criminal activity. Defendant became a member of this conspiracy and agreement knowing of its purpose, knowing it was illegal, and intended to help accomplish it. Specifically, and in furtherance of the conspiracy, defendant shattered a victim's window with a knife after inquiring where the victim was from, acted as a lookout while a conspirator painted MS-13 graffiti in the area of Whitsett Park, and participated in a fight with a rival gang member who was stabbed during the fight. Per the Pre Plea Report, defendant was on summary probation at the time he committed the instant offense.

In mitigation, defendant accepted responsibility for his actions in this case. Defendant entered the Plea Agreement without any litigation or motions, saving prosecutorial and judicial resources. The recommended sentence accounts for these aggravating and mitigating facts.

**B.    Need for Deterrence and to Promote Respect for the Law**

The government's recommended sentence achieves the purposes of sentencing under 18 U.S.C. § 3553(a)(2), including to "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," "protect the public from further crimes by defendant," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." See 18 U.S.C. § 3553(a)(2).

In light of the defendant's history and conduct, the government believes that the requested sentence is sufficient to impress upon defendant the significance of his conduct and provide just punishment.

### C. Need to Avoid Unwarranted Sentencing Disparities.

The recommended sentence will also "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Because the Sentencing Guidelines exist to ensure national uniformity in sentencing, a sentence within the applicable Guidelines range ordinarily avoids disparity between similarly situated defendants. See Gall v. United States, 552 U.S. 38, 54 (2007).

The government submits that the requested sentence takes into account all of the facts and circumstances of the case and the defendant. The Court is also entitled to rely on a correctly calculated Guidelines range in finding that there is no unwarranted disparity between defendant and other offenders convicted of similar offenses. United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010).

## VI. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence defendant to 33 months' imprisonment, three years of supervised release, no fine, and a special assessment of $100.